## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JACOB TOLBERT | ) |
| | ) |
| Plaintiff, | )     Case No.: 23-cv-5626 |
| | ) |
| v. | ) |
| | )     COMPLAINT FOR VIOLATION OF |
| City of Chicago, Chicago Police | )     CIVIL RIGHTS |
| Detectives Thomas Hanrahan, Star No. | ) |
| 20447, and Matthew Bouch, Star No. | ) |
| 20224, | ) |
| | )     **JURY DEMANDED** |
| Defendants. | |

## JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.      At all times herein mentioned, Plaintiff Jacob Tolbert ("Tolbert") was within the jurisdiction of this court.

4.      At all times herein mentioned, Chicago Police Detective Thomas Hanrahan, Star No. 20447 ("Hanrahan") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Chicago Police Detective Matthew Bouch, Star No. 20224 ("Bouch") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

**FACTUAL ALLEGATIONS**

7. On September 13, 2017, Plaintiff was arrested by members of the Chicago Police Department.

8. Plaintiff was arrested for allegedly shooting a man named Hakeem Howard who died in June 2017.

9. No warrant had been issued for Plaintiff's arrest.

10. Plaintiff's arrest was based upon an investigative alert that was issued as part of the investigation into the murder of Hakeem Howard.

11. Defendants Hanrahan and Bouch were assigned to investigate the murder of Hakeem Howard.

12. Plaintiff alleges, on information and belief, that Defendants Hanrahan and/or Bouch caused the investigative alert for Plaintiff's arrest to be issued, and thereby caused Plaintiff's arrest.

13. On September 14, 2017, Defendant Hanrahan signed a felony complaint accusing plaintiff of committing the first-degree murder of Hakeem Howard.

14. Plaintiff alleges, on information and belief, that Defendant Bouch assisted with and/or participated in charging Plaintiff with first degree murder on September 14, 2017.

2

15.     On September 15, 2017, the felony complaint signed by Defendant Hanrahan was filed in the Circuit Court of Cook County.

16.     Defendants Hanrahan and Bouch did not possess probable cause to charge Plaintiff with the murder of Hakeem Howard.

17.     Defendants Hanrahan and Bouch were not aware of any physical evidence such as DNA or fingerprints indicating that Plaintiff had murdered Hakeem Howard.

18.     Plaintiff did not murder Hakeem Howard.

19.     Plaintiff appeared in court to defend himself against the felony charges that were initiated and/or continued by Defendants Hanrahan and Bouch.

20.     On May 26, 2023, Plaintiff was acquitted of all charges related to the murder of Hakeem Howard.

21.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

22.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23.     By reason of the above-described acts and omissions of Defendants Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

3

**COUNT I**
**Plaintiff against Defendants Hanrahan and Bouch for**
**UNREASONABLE PRETRIAL DETENTION/MALICIOUS PROSECUTION**

24.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

25.     Defendants subjected Plaintiff to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

26.     Defendants did not have probable cause to believe Plaintiff had committed a murder or cause him to be subjected to any pretrial restriction of his liberty.

27.     Defendants knew that Plaintiff's pre-trial detention and criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff had committed the murder.

28.     The criminal charges Defendants initiated against Plaintiff terminated in Plaintiff's favor when he was acquitted on May 26, 2023.

29.     As a result of the foregoing, Plaintiff has sustained damage, including but not limited to his incarcerated from the date of his arrest through the date of his acquittal.

30.     By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

31.     The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to pretrial detention that restrained his liberty, without any probable cause for the detention, was in violation of Plaintiff's Fourth Amendment rights.  Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiffs Against Hanrahan, Bouch, and the City of Chicago For**
**MALICIOUS PROSECUTION**

32. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully alleged at this place.

33. Defendants Hanrahan and Bouch, who were employed by the City of Chicago, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff alleging that he had committed a murder that occurred in June 2017.

34. Defendants subjected Plaintiff to a criminal prosecution for the crime of murder without probable cause.

35. Plaintiff did not commit the murder, or any related charges, for which he was prosecuted.

36. Defendants did not have any forensic or physical evidence indicating Plaintiff committed the murder.

37. Defendants did not have reliable information from any witness indicating Plaintiff committed the murder.

38. Defendants knew that Plaintiff's criminal prosecution was not based upon sufficient evidence to conclude Plaintiff had committed a murder.

39. The criminal charges Defendants initiated against Plaintiff terminated in Plaintiff's favor when he was acquitted on May 26, 2023.

40. As a result of Defendants Hanrahan and Bouch causing these baseless legal proceedings Plaintiff was injured emotionally and otherwise.

41. The City of Chicago is liable to Plaintiff for the acts of Defendants Hanrahan and Bouch pursuant to the doctrine of *respondeat superior*.

5

42.     Therefore, Defendants Hanrahan, Bouch, and the City of Chicago are liable under the supplemental Illinois tort claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1.     That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.     That the Defendants be required to pay Plaintiff's special damages;

3.     That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.     That Defendants Hanrahan and Bouch be required to pay punitive and exemplary damages in a sum to be ascertained;

5.     That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.     That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY:     s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton, Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:     s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton, Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com